

1185 Avenue of the Americas, 3rd Fl.
New York, NY 10036

Phone: (212) 982-1231
abrankov@brankovlaw.com
www.brankovlaw.com

December 8, 2025

**VIA ECF**
The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *In re Application of Yves Bouvier*, No. 25-mc-00549 (VSB)

Dear Judge Broderick:

      This firm, together with our co-counsel Seth Redniss of Redniss LLC, represents Pascal de Sarthe, the respondent in Hong Kong civil proceedings relating to Mr. Bouvier's *ex parte* application. We respectfully request that the Court refrain from acting on the application until Mr. de Sarthe, who received notice of this application by chance through a third-party, not from Mr. Bouvier, has an opportunity to be heard.

      The discovery sought here can only be useful in the Hong Kong proceedings if Mr. Bouvier is, in fact, the owner of the artworks at issue, a contested question that the Hong Kong court presently is addressing. Mr. de Sarthe maintains that the artworks were consigned and owned by a third party, Mr. Jean Marc Peretti, not Mr. Bouvier. Until ownership is resolved, the 28 U.S.C. § 1782 "for use" requirement is not met, and authorizing sweeping U.S. discovery would be premature.

      Moreover, the sweeping and invasive scope of the discovery sought here, and the manner in which it is being pursued, merit briefing before any subpoenas are issued.

**Scope and Intrusiveness of the Requested Discovery**

      The application seeks ten years of U.S. banking records relating to Mr. de Sarthe, his family members, and his businesses, as well as broad discovery from Sotheby's and Christie's. As drafted, the proposed subpoenas would capture expansive U.S.-based financial activity associated with Mr. de Sarthe, without regard to whether any transactions relate to the artworks at issue or the dispute underlying the foreign proceedings. The attempt to obtain this material without notice to Mr. de Sarthe heightens the need for the Court to hear from the individuals whose financial records are sought.

**Active Supervision by the Hong Kong High Court**

The Hong Kong High Court already is supervising the parties and the course of disclosure in the underlying action. As the declaration of Troy Greig (ECF No. 2) notes, Mr. de Sarthe has submitted to that court's jurisdiction, provided preservation undertakings, and agreed to prepare a detailed accounting under its direction. He has also filed an interpleader summons seeking to join the individual who, based on his sworn testimony, owns the artworks that Mr. Bouvier now claims. *Id.* ¶¶ 18-19. The Hong Kong court has not requested or authorized foreign discovery of the kind sought here and is presently addressing threshold issues of ownership and agency that must be resolved before further disclosure can occur. Introducing U.S. financial discovery at this stage risks disrupting the Hong Kong court's management of the matter and appears to sidestep procedures already underway there.

**Intended Intervention and Forthcoming Opposition**

Mr. de Sarthe intends to move promptly to intervene and to submit a short opposition addressing these issues under *Intel v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) and related authorities. His intended submission will explain why the foreign tribunal's active oversight, the unsettled ownership questions, and the breadth of the proposed subpoenas weigh strongly against granting the application on an *ex parte* basis. We can file these papers on a schedule the Court prefers.

This morning, we reached out to Mr. Bouvier's counsel to discuss our client's intent to object to the discovery sought and to negotiate a briefing schedule. While we have heard back from counsel, he was not available to speak with us or provide a substantive response to our request yet, although we are scheduled to speak with him later today.

For these reasons, we respectfully ask that the Court defer ruling on the application until Mr. de Sarthe has had an opportunity to be heard, or, in the alternative, set a short schedule for full briefing before any subpoenas issue.

We appreciate the Court's consideration of this matter.

Respectfully submitted,

/s/ Amelia K. Brankov

Amelia K. Brankov

/s/ Seth Redniss, Redniss LLC

cc:    Counsel of Record via ECF