UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br><br>*Yves Bouvier*<br><br>For an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | Case No.: 25-MC-549 (VSB) (RFT)<br><br>**(PROPOSED) STIPULATION AND PROTECTIVE ORDER** |

VERNON S. BRODERICK, United States District Judge:

**WHEREAS**, on December 3, 2025, Applicant Yves Bouvier ("Applicant") filed an ex parte application pursuant to 28 U.S.C. § 1782 (the "Application") seeking judicial assistance to obtain discovery for use in the civil proceedings pending in Hong Kong captioned Yves Charles Edgar Bouvier v. Pascal Marie Michael De Sarthe, De Sarthe Contemporary Limited, Jean-Marc Peretti, and Milocci Limited, HCA 1822/2025, in the High Court of the Hong Kong Special Administrative Region, Court of First Instance, including the interpleader proceedings therein and any appeal therefrom (the "Hong Kong Proceedings");

**WHEREAS**, Pascal de Sarthe, De Sarthe Contemporary Limited, and Milocci Limited (collectively, the "de Sarthe Parties"), and Jean-Marc Peretti ("Peretti," and together with the de Sarthe Parties, the "Intervenors"), have intervened in this matter;

**WHEREAS**, on May 6, 2026, Magistrate Judge Robyn F. Tarnofsky issued a Report and Recommendation (the "R&R") recommending that the Application be granted in part and that Applicant be permitted to issue subpoenas to Sotheby's Inc., New York ("Sotheby's") and Christie's Inc., New York ("Christie's") for records of any purchases or sales of the 91 artworks at issue in the Hong Kong Proceedings (the "Artworks") by the 21 individuals and entities identified in the Application and the R&R as discovery targets, namely the de Sarthe Parties, de Sarthe 's wife Sylvie de Sarthe, and companies controlled by de Sarthe, as well as related to

Peretti, Peretti's sons Antoine and Ryan Peretti, George de Bartha, and to the entities controlled by each of the individuals and in which each of the individuals is a shareholder and/or ultimate beneficial owner (the "Discovery Targets") from February 1, 2015 through October 3, 2025;

**WHEREAS**, on September 11, 2026, this Court adopted the R&R in its entirety (the "September 11 Order");

**WHEREAS**, before documents responsive to subpoenas authorized by the September 11 Order may be produced, the Court directed Applicant, the de Sarthe Parties, and Peretti (collectively, the "Parties," and individually, a "Party") to negotiate a protective order limiting use of the discovery to the Hong Kong Proceedings; and the R&R further contemplates that any subsequent application by Applicant for additional discovery or for modification of the protective order, and any application by a subpoenaed person or entity, will be made to this Court;

WHEREAS, on September 18, 2026, Applicant sent subpoenas to Sotheby's and Christie's pursuant to the September 11 Order, which were subsequently accepted for service (the "Subpoenas");

**WHEREAS**, the Parties seek the entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c), as incorporated by 28 U.S.C. § 1782(a), to protect confidential, proprietary, commercially sensitive, financial, and personal information that may be disclosed in connection with discovery in this matter; and

**WHEREAS**, the Court finds that good cause exists for the issuance of this appropriately tailored Protective Order;

**IT IS HEREBY ORDERED** that any person subject to this Stipulation and Protective Order (the "Protective Order"), including without limitation the Parties, their representatives,

agents, experts and consultants, all third parties providing discovery in this matter, and all other persons with actual or constructive notice of this Protective Order, shall adhere to the following terms:

1. This Protective Order governs all documents, information and other material produced by any person or entity in response to the Subpoenas, to the September 11 Order or further order of this Court ("Discovery Material") whether or not designated Confidential. The restrictions in Paragraph 6 apply to all Discovery Material. The protections applicable to Confidential Discovery Material extend only to Discovery Material designated as "Confidential" in accordance with the provisions herein. "Producing Person" means any person or entity, including Sotheby's and Christie's, that produces Discovery Material. "Receiving Person" means any person or entity that receives Discovery Material. "Designating Person" means the Producing Person or any Party that designates Discovery Material under Paragraph 3.

2. Any person subject to this Protective Order who receives any Discovery Material designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter, "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

3. The Producing Person (including its counsel) or any Party (including its counsel) may designate such Discovery Material as Confidential, in relevant part, if counsel determines reasonably and in good faith that such designation is necessary to protect information that is proprietary business information, a trade secret, or otherwise sensitive and non-public financial or business information; that is of a personal or intimate nature regarding any individual; that concerns any person or entity who is not a party to the Hong Kong Proceedings; that is subject to a contractual or other duty of confidentiality; or as to which there is any other reasonable basis

for maintaining confidentiality. A Party may designate Discovery Material that is produced by a person or entity by providing written notice to all Parties and the Producing Person within thirty (30) days after counsel for that Party receives the material. All Discovery Material produced by Sotheby's or Christie's shall be treated as Confidential Discovery Material from the time of production until the expiration of that thirty-day period, and thereafter to the extent so designated.

4. With respect to Confidential Discovery Material, the Producing Person or its counsel shall designate the protected portion as "Confidential" by stamping or otherwise clearly marking the protected portion in a manner that will not interfere with legibility or audibility. For documents produced in native format, such designation may be made by marking the filename, cover letter, production log, load file, metadata, or other reasonably conspicuous means.

5. If, at any time, a Designating Person realizes that some portion of Discovery Material it previously produced without limitation should be designated Confidential, the Designating Person may so designate the material by promptly notifying all prior recipients in writing and stating the rationale for such confidential designation. Thereafter, the designated material shall be treated as Confidential Discovery Material under this Protective Order unless it has already become publicly available through no violation of this Protective Order. A Designating Person that unreasonably delays a designation may be found to have waived its right to make that designation.

6. All Discovery Material, regardless of designation, shall be used solely for prosecuting or defending the Hong Kong Proceedings and for proceedings in this Court relating to the Subpoenas or this Protective Order. No Receiving Person shall use or disclose Discovery Material, or any information derived from it: (a) in connection with any other proceeding or

investigation except as expressly permitted or required under the terms of this Protective Order; (b) to commence proceedings against any person or entity other than in the Hong Kong Proceedings; or (c) in any communication with the press. Nothing contained in this Protective Order shall restrict a Producing Person's use or disclosure of its own documents or information, or restrict any person's use of information obtained independently from and not through discovery in this matter.

7. If Applicant subsequently identifies another foreign proceeding concerning the same subject matter as the Hong Kong Proceedings, Applicant may apply to this Court, on notice to the Parties and any affected Producing Person, for modification of this Protective Order to permit the use of Discovery Material in that identified proceeding. Discovery Material shall not be used in any such proceeding unless and until this Court grants that application, or all Parties and affected Producing Persons otherwise agree in writing.

8. No person subject to this Protective Order, other than the Producing Person, shall disclose any Confidential Discovery Material to any person whomsoever, except to:

(i) the Parties; any party to the Hong Kong Proceedings, and the insurers of, and counsel to the insurers of any of the foregoing, in each case to the extent reasonably necessary for the Hong Kong Proceedings provided that each person other than a Party will first execute the Non-Disclosure Agreement in the form attached hereto as Exhibit A;

(ii) counsel for the Parties, wherever located, including in-house counsel, and any paralegal, clerical, litigation-support, or other assistant employed by such counsel and assigned to this matter or the Hong Kong Proceedings; provided that foreign counsel will first execute a Non-Disclosure Agreement in the form attached hereto as Exhibit A;

(iii) outside vendors or service providers (such as copy-service providers, document-management consultants, e-discovery vendors, graphic-production services, translators, interpreters, and other litigation-support services) that counsel retain and assign to this matter or the Hong Kong Proceedings, provided that such persons will first execute a Non-Disclosure Agreement in the form attached hereto as Exhibit A;

(iv) any mediator engaged by the Parties or appointed by a court in connection with the Hong Kong Proceedings, provided that such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(v) as to a particular document, its author, addressee, recipient, custodian, or any other person indicated on the face of the document as having received a copy;

(vi) any witness who will be called to testify in the Hong Kong Proceedings, to the extent reasonably necessary to prepare, examine, or impeach that witness, provided that the witness has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto, unless the witness is an individual described in subparagraph (v);

(vii) any person retained by a Party as a consultant or expert to assist in the Hong Kong Proceedings, to the extent deemed reasonably necessary by counsel, provided that the consultant or expert has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(viii) stenographers, videographers, translators, interpreters, and other persons engaged to transcribe, record, or facilitate proceedings or testimony in this matter or the Hong Kong Proceedings provided that such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(ix) this Court, including any appellate court, and the court reporters and support personnel for the same; and

(x) the High Court of the Hong Kong Special Administrative Region Court of First Instance and any court with jurisdiction over an appeal, enforcement proceeding, or other proceeding ancillary to the Hong Kong Proceedings, together with court reporters and support personnel for the same, subject to Paragraph 12.

9. No Discovery Material will be produced in response to the Subpoenas prior to entry of this Protective Order. Applicant or its counsel shall contemporaneously provide counsel for the Intervenors with copies of all Discovery Material received in response to the Subpoenas.

10. Before disclosing Confidential Discovery Material to any person required to execute a Non-Disclosure Agreement under Section 8, counsel shall obtain that person's executed Non-Disclosure Agreement in the form annexed as Exhibit A. Counsel obtaining an executed Non-Disclosure Agreement shall immediately provide a copy of it to counsel for all other Parties, including the Intervenors.

11. Notwithstanding any other provision of this Protective Order, any Party or Producing Person may challenge a confidentiality designation. Before seeking relief from the Court, the challenging person shall meet and confer in good faith with all Parties and the Designating Person. If the dispute cannot be resolved through that process, the challenging person may move this Court for appropriate relief.

12. A Designating Person may request additional limitations on disclosure of its particular Discovery Material, including "Attorneys' Eyes Only" treatment in extraordinary circumstances, by serving written notice upon counsel for the Receiving Person stating with particularity the grounds for the requested limitation. Any such request shall be narrowly

tailored. If the Parties cannot reach agreement within a reasonable time, counsel for the Designating Person may seek relief from this Court in accordance with this Court's Individual Rules and Practices for Civil Cases.

13. Nothing in this Protective Order prevents any person subject to it from producing Confidential Discovery Material in response to a lawful subpoena, other compulsory process, or legal requirement, or if required by law or by a governmental agency with jurisdiction; provided, however, that the person receiving such a request shall, unless prohibited by law, provide written notice to the Producing Person and Designating Person as soon as reasonably possible and, if permitted by the time allowed under the request, at least ten (10) days before disclosure. The Receiving Person shall cooperate reasonably with the Producing Person's or Designating Person's efforts to seek a protective order or other appropriate relief. Nothing in this Paragraph requires a person to disobey a lawful order or compulsory process.

14. Any Party filing a motion, application, or other paper with this Court that contains or attaches Confidential Discovery Material shall comply with this Court's Individual Rules and applicable law governing sealing and redaction. The filing Party shall seek redactions narrowly tailored to protect Confidential Discovery Material. A confidentiality designation, standing alone, does not establish that material may be filed under seal. Any person seeking to use or file Confidential Discovery Material in the Hong Kong Proceedings shall use reasonable efforts to preserve confidentiality consistent with applicable Hong Kong law and procedure. If a Party intends to file or otherwise disclose Confidential Discovery Material in the Hong Kong Proceedings, such Party shall give counsel for the Designating Person and the Intervenors at least twenty eight (28) days' prior written notice or such notice period required by the Hong Kong court and will cooperate with any application for confidentiality available under Hong Kong law.

15. Each person who has access to Confidential Discovery Material shall take due precautions to prevent unauthorized or inadvertent disclosure. Any Discovery Material filed with any Court shall be redacted in accordance with Section 21 of the Southern District of New York Electronic Case Filing Rules & Instructions, as applicable. A Receiving Person that learns of an unauthorized disclosure, loss, or data breach involving Confidential Discovery Material shall promptly notify the Producing Person and the Parties and cooperate in good faith to address and remedy the disclosure or breach.

16. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production or disclosure of any document, electronically stored information, or other material protected by the attorney-client privilege, work-product doctrine, or any other privilege or protection shall not constitute a waiver in this matter, the Hong Kong Proceedings, or any other federal or state proceeding.

17. This Protective Order shall survive termination of the litigation. Within sixty (60) days after the final termination of the Hong Kong Proceedings, including all appeals and enforcement proceedings, each Receiving Person shall return all Confidential Discovery Material and all copies thereof to the Producing Person or, upon written permission of the Producing Person, destroy such Confidential Discovery Material. Notwithstanding this provision, counsel may retain an archival copy of pleadings, motion papers, correspondence, transcripts, exhibits, discovery materials, legal memoranda, attorney work product, and electronic backup materials maintained in the ordinary course, even if such materials contain Confidential Discovery Material. Any archival copy containing Confidential Discovery Material shall remain subject to this Protective Order.

18. All persons subject to this Protective Order acknowledge that a willful violation of this Protective Order could subject them to punishment for contempt of Court. Notwithstanding the closing of this matter, this Court retains jurisdiction over the Parties, and all other persons and entities subject to this Protective Order to enforce any obligations arising hereunder, to resolve disputes concerning the interpretation or application of this Protective Order, and to impose sanctions for any violation thereof. Each party consents to the jurisdiction of this Court for such purposes.

19. Applicant reserves all rights to enforce any subpoenaed person's obligation to produce documents and information in accordance with the September 11 Order and any further order of this Court. Applicant further reserves all rights to seek additional targeted discovery consistent with the R&R and the September 11 Order, including, if discovery produced by Sotheby's or Christie's supplies the factual basis contemplated by the R&R, discovery from the auction houses or from one or more financial institutions. The Intervenors, Sotheby's, Christie's, and any other affected person reserve all rights to oppose any subsequent application or discovery request on any ground available under the Federal Rules of Civil Procedure, 28 U.S.C. § 1782, or other applicable law.

20. Intervenors reserve all rights to seek to quash or modify the Subpoenas. Nothing herein constitutes consent to the scope of the Subpoenas or is a waiver of any objection, claim or defense.

21. Nothing in this Protective Order is intended to limit in any respect any claims, defenses, or rights that Applicant, the de Sarthe Parties, and Peretti may have against one another in the Hong Kong Proceedings or otherwise.

SO STIPULATED AND AGREED:

By: ____________________
Thomas Vandenabeele

KELLNER HERLIHY GETTY & FRIEDMAN, LLP
470 Park Avenue South–7th Floor
New York, NY 10016-6819
Telephone: 212-889-2121
tv@khgflaw.com

*Counsel for Applicant*

Dated: November 9, 2026

By: ____________________
Amelia K. Brankov

BRANKOV PLLC
1185 Avenue of the Americas, Fl. 3
New York, NY 10036
Telephone: 212-982-1231
abrankov@brankovlaw.com

By: ____________________
Seth Redniss
REDNISS LLC
375 Greenwich Street
New York, NY 10013
Telephone: 212-334-9200
sredniss@redniss.com
*Counsel for the de Sarthe Parties*

Dated: November 9, 2026

By: s/ Eden Burgess
Eden Burgess
Steven Schindler
SCHINDLER COHEN & HOCHMAN LLP
100 Wall Street, 15th Floor
New York, NY 10005
Telephone: 212-277-6300
eburgess@schlaw.com

*Counsel for Jean-Marc Peretti*

Dated: November 9, 2026

SO ORDERED.
Dated: November 13, 2026
New York, New York

VERNON S. BRODERICK
United States District Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of,

*Yves Bouvier*

For an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings

Case No.: 25-MC-0549 (VSB) (RFT)

**NON-DISCLOSURE AGREEMENT**

I, ____________________, acknowledge that I have read and understand the Protective Order (the "Protective Order") in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree to use all Discovery Material, whether or not designated Confidential, solely for the Hong Kong Proceedings, under the terms of the Protective Order. I agree that I will not use such Confidential Discovery Material or disclose it to any other person except as expressly permitted by the Protective Order; and that within sixty (60) days after the final termination of relevant proceedings I will either return all discovery information to the party or attorney from whom I received it, or, upon permission of the producing party, destroy such discovery information in accordance with the Protective Order. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: ________________________ ____________________________________